UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HECTOR NORIEGA,

                    Plaintiff,

                                              MEMORANDUM & ORDER
          -against-                           16-CV-1058(JS)(ARL)

US BANK, NATIONAL ASSOCIATION, as
Trustee for the Structured Asset
Securities Corporation mortgage
Pass-Through Certificates,
Series 2005-ARI, and
AMERICA'S SERVICING COMPANY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Hector Noriega, pro se
                   23 Bella Casa Lane
                   Central Islip, NY 11722

For Defendants:    Zalika Pierre, Esq.
                   Reed Smith LLP
                   599 Lexington Avenue
                   New York, NY 10022

SEYBERT, District Judge:

          Plaintiff Hector Noriega ("Plaintiff") commenced this

action alleging violations of the Truth in Lending Act ("TILA"),

15 U.S.C. § 1601, et. seq., and Real Estate Settlement Procedures

Act ("RESPA"), 12 U.S.C. § 2601 et. seq., and seeking a declaratory

judgment.  Presently pending before the Court is defendants US

Bank, National Association ("USBNA") and America's Servicing

Company's ("ASC" and, collectively, "Defendants") motion to

dismiss.  (Defs.' Mot., Docket Entry 18.)  For the following

reasons, Defendants' motion is GRANTED.

<u>BACKGROUND</u>[1]

On September 1, 2005, Plaintiff executed a negotiable promissory Note and Mortgage in the amount of $384,750.00 with respect to the subject property located at 23 Bella Casa Lane, Central Islip, NY 11722 (the "Property").[2] (Compl. ¶¶ 1, 14.) The original lender was Argent Mortgage Company, LLC ("Argent"), an entity that is now defunct. (Compl. ¶ 16.) On July 14, 2005, Plaintiff signed a Truth-in-Lending Disclosure Statement (the "TILA Statement"). (TILA Stmt., Defs.' Mot. Ex. B, Docket Entry 19-2.) On July 14, 2005, the Mortgage was assigned by Argent in favor of USBNA; this assignment was recorded on July 16, 2009.

---

[1]  The following facts are taken from the Complaint, documents that are incorporated by reference in the Complaint, and documents of which the Court takes judicial notice. <u>See</u> <u>Sira v. Morton</u>, 380 F.3d 57, 67 (2d Cir. 2004) ("[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint") (internal quotation marks and citation omitted). Parenthetically, Plaintiff's argument that Defendants' exhibits are inadmissible because they are photocopies, (Pl.'s Br., Docket Entry 15, at 4), is without merit. All allegations in the Complaint are presumed to be true for the purposes of this Memorandum and Order.

[2] Defendants submitted a Fixed Rate Note signed by Plaintiff and dated July 14, 2005, (Note, Defs.' Mot. Ex. C, Docket Entry 19-3), and a mortgage signed by Plaintiff and dated July 14, 2005, (Mortg., Defs.' Mot. Ex. D, Docket Entry 19-4). While Plaintiff alleges the Note and Mortgage were signed on September 1, 2005, (Compl. ¶ 14), the operative dates of the Note and Mortgage are not determinative with respect to the pending motion. The Court notes that the Mortgage submitted by Defendants was recorded on September 1, 2005. (<u>See</u>,Mortg.)

(First Assignment, Defs.' Mot. Ex. E, Docket Entry 19-5.)   On November 7, 2011, the Mortgage was assigned by USBNA in favor of ASC with an effective date of November 30, 2009. (Sec. Assignment, Defs.' Mot. Ex. F, Docket Entry 19-6; see also Compl. ¶ 19 (stating that ASC is Argent's "successor in interest").)   That same day, ASC assigned the Mortgage in favor of USBNA; this assignment was recorded on December 12, 2011.   (Third Assignment, Defs.' Mot. Ex. G, Docket Entry 19-7.)

On December 5, 2011, USBNA commenced a foreclosure action against Plaintiff in state court (the "Foreclosure Action"), and on March 27, 2014, the court entered a final judgment of foreclosure and sale (the "Foreclosure Judgment").   (See, Foreclosure J., Defs.' Mot. Ex. H, Docket Entry 19-8.)

I.    The Complaint

On March 4, 2016, Plaintiff commenced this action against USBNA and ASC.   Plaintiff alleges that ASC failed to disclose certain charges on the TILA statement.   (Compl. ¶ 19.) Plaintiff also alleges that Defendants violated TILA and its implementing regulation, Regulation Z, by "calculating the annual percentage rate ('APR') based upon improperly calculated and disclosed amounts."   (Compl. ¶ 21.)   Plaintiff alleges that he is entitled to "rescind the transaction," and asserts that he first learned of Defendants' actions in February 2016.   (Compl. ¶¶ 22, 24.)   Plaintiff also contends that Defendants failed to comply

with changes to TILA effectuated by the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank") to the extent that Dodd Frank "requires servicers to credit payments as of the date of receipt, unless a delay will not result in a charge or negative credit report" and mandates that payoff statements be sent no more than seven days after a written request. (Compl. ¶¶ 41-42.)  Plaintiff avers that ASC "disclose[d] that Defendant [USBNA] owned the Loan, however, failed to indicate when, how, and if any recorded documents exist to legitimize the lawful transfer." (Compl. ¶ 44.)

Plaintiff also alleges that ASC violated Real Estate Settlement Procedures Act ("RESPA") Section 2607 by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed." (Compl. ¶¶ 25-26.)  Plaintiff alleges that on or about January 26, 2015, he submitted a qualified written request ("QWR") that was not acknowledged within twenty days of receipt as required by RESPA Section 2605(e)(1)(A). (Compl. ¶¶ 29-30.)  Plaintiff also alleges that Defendants failed to comply with Dodd Frank's changes to RESPA's response timeline for QWRs and requirements for escrow accounts. (Compl. ¶¶ 34-36.)  Plaintiff again alleges that he first learned of Defendants' actions in February 2016. (Compl. ¶ 48.)

Finally, Plaintiff alleges that Defendants do not have standing to foreclose on the Property and seeks a "judicial determination and declaration" regarding whether: (1) "Defendant [USBNA] abandoned its interest in the Subject Property"; (2) "the unrecorded Assignment of Mortgage by [USBNA] is fraudulent and void by statute"; (3) "the Mortgage secures the Note" and (4) "the Mortgage is enforceable by [USBNA], its successor in interest or its agent." (Compl. ¶¶ 50-53.) Plaintiff also requests that the Court enter a declaratory judgment that "determine[s] the rights and duties of the parties involved in this lawsuit for the following Declarations: [t]hat Defendant [USBNA] is the trustee of the securitized trust in the instant case and; [t]hat Defendant ASC is the servicer of Plaintiff'[s] loan." (Compl. ¶ 70.)

In the Prayer for Relief, Plaintiff seeks damages for TILA and RESPA violations and "a Declaration as to the roles of all parties." (Compl. at 10.)

II.  Defendants' Motion

On December 2, 2016, Defendants filed their motion to dismiss.[3]  (See, Defs.' Mot.)  Defendants argue that the Court lacks subject matter jurisdiction pursuant to the Rooker Feldman

_____

[3] On August 25, 2016, Defendants filed their first motion to dismiss.  (See, Defs.' First Mot., Docket Entry 11.)  By Electronic Order dated December 2, 2016, the Court dismissed that motion without prejudice based on Defendants' failure to file a supporting memorandum of law.

doctrine since Plaintiff seeks to reverse the state court's determination in the Foreclosure Action. (Defs.' Br., Docket Entry 20, at 4-6.) Defendants also argue that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. (Defs.' Br. at 6-8.)

Defendants contend that Plaintiff's TILA claim is barred by the one-year statute of limitations and Plaintiff does not have the right to rescind the mortgage loan under TILA. (Defs.' Br. at 12-15.) Additionally, Defendants argue that Plaintiff's RESPA claim is barred by the statute of limitations and, alternatively, the RESPA claim fails on the merits because "Plaintiff simply quotes sections of the statute followed by unsupported conclusory allegations." (Defs.' Br. at 17-18.) Finally, Defendants argue that Plaintiff's claim for a declaratory judgment or injunctive relief is defective, as it improperly seeks an advisory opinion and is premised on Defendants' alleged lack of standing to foreclose on the Property, which is "not a viable affirmative cause of action, but at best, a defense to an action." (Defs.' Br. at 18-19.)

Plaintiff alleges that the Rooker Feldman doctrine is inapplicable to the case at bar based on "newly discovered evidence which debunks the erroneous decision rendered at the State court-

level." (Pl.'s Br. at 2-3.)[4]  Plaintiff avers that the claims in this action are "substantially different" from those in the Foreclosure Action, and discovery will reveal that Defendants falsified and concealed assignments. (Pl.'s Br. at 3.)  Plaintiff alleges that he has "prima facie evidence that the loan has been securitized," and contends that "the chain of title has been broken, and Defendants are not the holders in due course of the note, with any rights to enforce the note." (Pl.'s Br. at 4-5.) Plaintiff argues that as a result, Defendants do not have legal standing to pursue foreclosure. (Pl.'s Br. at 5.)

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists.  Id.  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court "may consider evidence outside the pleadings."  See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d

---

[4] As Plaintiff failed to respond to Defendants' pending motion, the Court will consider Plaintiff's opposition filed in conjunction with Defendants' earlier filed motion to dismiss. (See generally Pl.'s Br.)

167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) (citation omitted).

To withstand a motion to dismiss, a complaint must contain factual allegations that are sufficient to state a facially "plausible" claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations and citations omitted). While all allegations in the complaint must be accepted as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679. The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted).

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (Noting that the dismissal of a pro se complaint pursuant to Rule

12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

I.    Rooker Feldman

Pursuant to the Rooker Feldman doctrine, this Court "lack[s] jurisdiction over cases that essentially amount to appeals of state court judgments." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423 (2d Cir. 2014). This doctrine applies where four requirements are met: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by a state court judgment; (3) the plaintiff invite[s] . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." Id. (internal quotation marks and citation omitted; alterations in original). However, "[i]ndependent claims are not barred by Rooker-Feldman even if they involve the identical subject matter and parties as previous state-court suits." McCann v. Rushmore Loan Mgmt. Servs., LLC, No. 15-CV-6502, 2017 WL 1048076, at *3 (E.D.N.Y. Mar. 16, 2017) (internal quotation marks and citation omitted).

Plaintiff easily satisfies the first and fourth elements of Rooker Feldman in light of the Foreclosure Judgment, which was entered on March 27, 2014. (See, Foreclosure J.) Thus, the question becomes whether Plaintiff complains of injuries caused by the Foreclosure Judgment and invites review and rejection of the Foreclosure Judgment.

The Court finds that Plaintiff's claim for a declaratory judgment is barred by the Rooker Feldman doctrine. As previously noted, Plaintiff requests a "judicial determination and declaration" with respect to whether: (1) "[USBNA] abandoned its interest in the Subject Property," (2) "the unrecorded Assignment of Mortgage by [USBNA] is fraudulent and void by statute," (3) "the Mortgage secures the Note," and (4) "the Mortgage is enforceable by [USBNA], its successor in interest or its agent." (Compl. ¶¶ 50-53.) Indeed, Plaintiff also expressly seeks a "judicial determination and declaration of the rights, obligations and interest of the parties with regard to the Subject Property." (Compl. ¶ 54.) Thus, Plaintiff complains of injuries caused by the Foreclosure Judgment by seeking a declaration regarding the parties' "obligations and interest" in the Property, and invites review and rejection of the Foreclosure Judgment insofar as he seeks various declarations that USBNA has no interest in the Mortgage and the Mortgage is unenforceable. Accordingly, Plaintiff's declaratory judgment claim is DISMISSED for lack of

subject matter jurisdiction pursuant to the Rooker Feldman doctrine.[5]

However, the Court reaches a different result with respect to Plaintiff's TILA and RESPA claims since he is expressly seeking damages for these claims. (Compl. at 10.) In Vossbrinck, the Second Circuit noted that the plaintiff's pro se complaint could be construed as asserting fraud claims that were not barred by Rooker Feldman "because they seek damages from [d]efendants for injuries [plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment." Vossbrinck, 773 F.3d at 427. Similarly, here, Plaintiff is seeking monetary damages for his TILA and RESPA claims, which, in turn, does not require that the Court review and reject the Foreclosure Judgment. Thus, these claims are not barred by Rooker Feldman to the extent they seek damages. See, e.g., McCann, 2017 WL 1048076, at *4 (holding that the plaintiff's RESPA claim was not barred by Rooker Feldman where "[p]laintiff seeks only money damages for the actions or inactions of the loan servicer").

The Court acknowledges that Plaintiff states, with respect to his TILA claim, that this Complaint "is intended to be

---

[5] Parenthetically, the Court is unpersuaded by Plaintiff's argument that unspecified "newly discovered evidence" precludes the application of the Rooker Feldman doctrine. (Pl.'s Br. at 3.)

construed for purposes of this claim as a formal notice of rescission, [and Plaintiff] hereby elects to rescind the transaction." (Compl. ¶ 22.)  To the extent Plaintiff seeks "rescission" of the Mortgage as relief for his TILA claim, that relief is barred by Rooker Feldman as it necessitates a review and rejection of the Foreclosure Judgment.  Moreover, Plaintiff's request for rescission is misplaced as "TILA's right of rescission does not apply to residential mortgage transactions." Deswal v. U.S. Nat'l Ass'n, No. 13-CV-3354, 2014 WL 1932589, at *2, n.3 (E.D.N.Y. May 14, 2014), aff'd, 603 F. App'x 22 (2d Cir. 2015).

## II.   Res Judicata

The doctrine of res judicata provides that "a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding." Castellano v. JP Morgan Chase Bank, N.A., No. 13-CV-3390, 2014 WL 988563, at *4 (S.D.N.Y. Mar. 13, 2014) (internal quotation marks and citation omitted).  In New York, res judicata is applicable where there is: "(1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action." Gordon v. First Franklin Fin. Corp., No. 15-CV-0775, 2016 WL

792412, at *6 (E.D.N.Y. Feb. 29, 2016) (internal quotation marks and citation omitted).  Pro se litigants are equally bound by the doctrine of res judicata.  Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009).

Pursuant to New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."  Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. Feb. 13, 2008) (internal quotation marks and citation omitted).  To determine whether claims are part of the same transaction for res judicata purposes, New York courts utilize a "pragmatic test" in which the Court "analyz[es] whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage[.]"  Gordon, 2016 WL 792412, at *6 (internal quotation marks and citation omitted; second alteration in original).  While New York is a "permissive counterclaim" jurisdiction and does not require a litigant to assert all counterclaims in their original action, an exception to this rule "bars a subsequent lawsuit that amounts to an attack on a judgment previously issued by the state court."  Dolan v. Select Portfolio

<u>Servicing, Inc.</u>, No. 13-CV-1552, 2014 WL 4662247, at *4 (E.D.N.Y. Sept. 18, 2014) (internal quotation marks and citation omitted).

The Court construes the Complaint as asserting the following claims against Defendants under TILA and RESPA: (1) violations of TILA based on (a) failure to include and disclose charges on the TILA Statement, (Compl. ¶¶ 19-20), (b) improper calculation of the APR, (Compl. ¶ 21), and (c) failure to credit payments as of the date of receipt and timely send payoff statements, (Compl. ¶¶ 42-43); (2) violation of RESPA Section 2607 based on the acceptance of unearned fees, (Compl. ¶ 26); and (3) violation of RESPA Section 2605 based on the failure to (a) acknowledge Plaintiff's QWR submitted on or about January 26, 2015, (Compl. ¶¶ 29-33), (b) timely return any escrow balance after a full payoff, (Compl. ¶ 36), and (c) respond to a request for the identity and address of the owner or assignee of the mortgage, (Compl. ¶ 36).[6]

The Court finds that Plaintiff's TILA claim and RESPA Section 2607 claim against USBNA are barred by the doctrine of <u>res judicata</u>. <u>First</u>, the Foreclosure Judgment constitutes a final,

---

[6] While the Complaint does not indicate which claims are asserted against each Defendant, the Court notes that the only specific references in Plaintiff's TILA and RESPA claims are to actions taken by ASC, not USBNA. (See <u>generally</u> Compl. ¶¶ 19-48.) Nevertheless, in light of Plaintiff's <u>pro se</u> status, the Court liberally construes the Complaint as asserting TILA and RESPA claims against both ASC and USBNA.

prior adjudication on the merits. See Done, 2009 WL 2959619, at *4 ("the judgment of foreclosure entered against [the plaintiff] is an adjudication on the merits, which prevents reconsideration of any claim that is based on the same facts as the foreclosure judgment and which would disturb [defendant's] ability to enforce rights provided by the mortgage and the note securing [plaintiff's] property"). Second, Plaintiff was a defendant in the Foreclosure Action commenced by USBNA.[7]

Third, the Court finds that Plaintiff is "seeking alternative relief in federal court based on the same series of transactions involved in the foreclosure proceeding." Yeiser, 535 F. Supp. 2d at 422. Plaintiff's TILA claim is based on the alleged failure to disclose charges on the TILA Statement, improper calculation of the APR, failure to credit payments as of the date of receipt, and failure to timely send payoff statements. (Compl. ¶¶ 19-21, 42-43.) As noted, Plaintiff's RESPA Section 2607 claim is based on the alleged acceptance of unearned fees. (Compl. ¶ 26.) The Court finds that these claims amount to an attack on the Foreclosure Judgment and could have been raised during the

---

[7] As the Mortgage was assigned by ASC to USBNA on November 7, 2011, (see Third Assignment)--prior to the commencement of the Foreclosure Action on December 5, 2011 (see Foreclosure J.)--ASC was a predecessor in interest to USBNA and is not in privity with USBNA for res judicata purposes. See Yeiser, 535 F. Supp. 2d at 423.

Foreclosure Action, as they "ar[ose] out of Defendant[s'] dealings with the mortgage." Castellano, 2014 WL 988563, at *5-6 (holding that the plaintiff's TILA claim could have been litigated in the state court foreclosure action); see also Zap v. Fed. Home Loan Mortg. Corp., No. 15-CV-0624, 2016 WL 2992147, at *4 (N.D.N.Y. May 20, 2016) (holding that the plaintiff's RESPA claim was barred by res judicata and noting that "[w]hile Plaintiff asserts a myriad of new legal theories for relief that she did not raise in the state court action, each of her causes of action could have been raised in the previous proceeding"). But see Utreras v. Chicago Title Ins. Co., No. 12-CV-4766, 2013 WL 4700564, at *4 (E.D.N.Y. Sept. 1, 2013) ("[t]hough plaintiff's predatory lending claim as it relates to the foreclosure is barred by the doctrine of res judicata, courts in this district have found violations of federal predatory lending statutes to arise out of separate transactions than mortgage defaults, and therefore have declined to find them barred by res judicata"). Cf. Hinds v. Option One Mortg. Corp., No. 11-CV-6149, 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012), report and recommendation adopted, 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013) ("[i]nasmuch as Plaintiff's fraud claim is premised on his allegations that Defendants obtained the underlying mortgage through predatory lending tactics and fraud, res judicata operates to preclude federal review of such a claim") (emphasis in original; citation omitted). Accordingly, Plaintiff's TILA claim

and RESPA Section 2607 claim based on unearned fees are DISMISSED against USBNA based on res judicata.

As previously noted, the Court liberally construes the Complaint to allege RESPA Section 2605 claims based on Defendants' failure to: (1) acknowledge Plaintiff's QWR submitted on or about January 26, 2015, (Compl. ¶¶ 29-33), (2) timely return any escrow balance after a full payoff, (Compl. ¶ 36), and (3) respond to a request for the identity and address of the owner or assignee of the mortgage, (Compl. ¶ 36). The first two claims appear to be based on incidents that occurred after the entry of the Foreclosure Judgment and, thus, cannot be barred by res judicata. As to the third claim, it is unclear when Plaintiff made a request for the identity and address of the Mortgage owner or assignee. Indeed, it is also unclear whether Plaintiff's allegation regarding this request is a reference to his QWR. In an abundance of caution, the Court declines to hold this third RESPA Section 2605 claim barred by res judicata since it may relate to a request that occurred after the entry of the Foreclosure Judgment. Similarly, while Defendants argue that these claims are barred by collateral estoppel, the Court cannot conclude that these issues were resolved in the Foreclosure Action since they relate to incidents that may not have occurred until after the entry of the Foreclosure Judgment. Thus, the Court declines to dismiss Plaintiff's RESPA

Section 2605 claim against USBNA on <u>res judicata</u> or collateral estoppel grounds.

II.   <u>Statute of Limitations</u>

       The Court finds that Plaintiff's TILA claims and RESPA Section 2607 claim against ASC fail based on the statute of limitations.   TILA has a one-year statute of limitations that accrues on the "date of the alleged violation," <u>Dins v. Bank of America, N.A.</u>, No. 16-CV-5741, 2017 WL 570944, at *3 (S.D.N.Y. Feb. 13, 2017) (internal quotation marks and citation omitted), and it is well settled that "in closed-end credit transactions like the [mortgage and home equity loans] at issue, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting funds to plaintiffs," <u>Gorbaty v. Wells Fargo Bank, N.A.</u>, No. 10-CV-3291, 2014 WL 4742509, at *12, n.18 (internal quotation marks and citations omitted; alteration in original).   RESPA Section 2607 also has a statute of limitations of "[one] year . . . from the date of the occurrence of the violation," 12 U.S.C. § 2614, with the date of the violation being "the date that the allegedly unlawful payment was made, namely the closing date of the transaction," <u>Figueroa v. HSBC Bank U.S.A., N.A.</u>, No. 16-CV-0893, 2017 WL 1185263, at *6 (N.D.N.Y. Mar. 29, 2017) (internal quotation marks and citations omitted).

Plaintiff commenced this action on March 4, 2016, approximately eleven years after he executed the Note, Mortgage, and TILA Statement, and two years after the entry of the Foreclosure Judgment. While courts will equitably toll limitations periods for fraudulent concealment, the plaintiff bears the burden of demonstrating that tolling is appropriate. Deswal, 2014 WL 1932589, at *2. Plaintiff's conclusory allegation that he "first learned of the actions of said Defendant, including its failure to disclose and the fraud committed upon them in February of 2016," (Compl. ¶¶ 24, 48), does not suffice to demonstrate that the statute of limitations should be tolled. Accordingly, Plaintiff's TILA claims and RESPA Section 2607 claim against ASC are DISMISSED.[8]

III. RESPA Section 2605 Claims

As previously noted, Plaintiff's remaining RESPA claims allege violations of Section 2605 with respect to ASC's: (1) failure to acknowledge Plaintiff's QWR submitted on or about January 26, 2015, (Compl. ¶¶ 29-33), (2) failure to timely return any escrow balance after a full payoff, (Compl. ¶ 36), and (3)

---

[8] While, as set forth above, Plaintiff's TILA claims and RESPA Section 2607 claim against USBNA are barred by the doctrine of res judicata, these claims against USBNA are also precluded by the statute of limitations for the same reasons the statute of limitations bars these claims against ASC.

failure to respond to a request for the identity and address of the owner or assignee of the mortgage, (Compl. ¶¶ 42-43).

Section 2605 "permits a borrower to submit to a servicer of her loan(s) a 'qualified written request' ('QWR') for 'information related to servicing' of the loan and requires the servicer to respond accordingly." <u>Gorbaty</u>, 2014 WL 4742509, at *4 (quoting 12 U.S.C. § 2605(e)(1)(A); emphasis omitted). Additionally, Section 2605 also provides that "[i]f the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account . . . [a]ny balance in such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender." 12 U.S.C. § 2605(g). Section 2605 further provides that "[a] servicer of a federally related mortgage shall not . . . fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(D).

<u>First</u>, Plaintiff has failed to plausibly plead a RESPA claim. "To plead a claim under RESPA, [the] plaintiff must offer proof either by attaching the letter or pleading with specificity such facts--such as when the letter was sent and to whom it was

directed, why it was sent, and the contents of the letter--that the Court may determine if the letter qualifies as a QWR or notice of error." Figueroa, 2017 WL 1185263, at *6 (internal quotation marks and citation omitted; alteration in original).  Plaintiff alleges that he "submitted a timely [QWR] on or about January 26, 2015" that was not acknowledged by ASC, (Compl. ¶¶ 29-32); however, he failed to attach the letter or posit any allegations regarding the contents of the letter or why it was sent.[9]  Plaintiff's remaining Section 2605 claims rest on similarly conclusory allegations.  (See Compl. ¶¶ 36-37 ("[A]fter receiving a full payoff, any escrow balance must be returned within 20 days.  The [Dodd-Frank] Act also implements a 10-business day deadline to respond to a request for the identity and address of the owner, or assignee, of the loan.  None of the aforementioned sections were complied with").)

---

[9] While Plaintiff alleges "[a] true and correct copy of Defendant ASC's letter is attached herewith and incorporated fully," no such letter was filed with his Complaint.  (Compl. ¶ 45.)  The Court acknowledges that Defendants have annexed a letter from Plaintiff to ASC titled "R.E.S.P.A. Qualified Written Request" and dated January 17, 2015, (see Defs.' Mot. Ex. I, Docket Entry 19-9), and a letter from ASC to Plaintiff dated January 27, 2015 (see Defs.' Mot. Ex. J, Docket Entry 19-10).  However, the Court declines to consider this correspondence as incorporated by reference in the Complaint as Plaintiff has not confirmed that these documents are the same QWR and letter from ASC referenced in the Complaint.  Moreover, the Complaint alleges that Plaintiff submitted a QWR on or about January 26, 2015, not January 17, 2015.  (Compl. ¶ 29.)

Second, Plaintiff has failed to "allege a plausible entitlement to either actual or statutory damages under RESPA[.]" Gorbaty, 2014 WL 4742509, at *4. To allege actual damages, the plaintiff must assert that the defendant's RESPA violation was the proximate cause of his damages. Bonadio v. PHH Mortg. Corp., No. 12-CV-3421, 2014 WL 522784, at *6 (S.D.N.Y. Jan. 31, 2014). Thus, "a plaintiff must offer factual allegation[s] linking her alleged harms to [the defendant's] failure to timely respond to her QWRs." Id. (internal quotation marks and citation omitted; alterations in original) (dismissing the RESPA Section 2605 claim where the plaintiff alleged actual damages that included "time spent and inconvenience" and "emotional distress and anguish" but failed to explain how those issues were "specifically" caused by the defendant's Section 2605 violations).

To obtain statutory damages, the plaintiff must demonstrate a "pattern or practice of noncompliance with the requirements of § 2605." Gorbaty, 2014 WL 4742509, at *8 (holding that the plaintiff failed to establish the necessary "pattern or practice" for statutory damages where she alleged two RESPA violations). Further, Courts in this Circuit have held that "an allegation of actual damages is necessary to state a claim for liability." Dolan, 2016 WL 4099109, at *5). See also Figueroa, 2017 WL 1185263, at *7; Bonadio, 2014 WL 522784, at *5 ("proof of actual damages is mandatory to recover on a § 2605(e) violation,

22

and a § 2605(e) claim cannot stand on statutory damages alone")
(internal quotation marks and citation omitted).

While Plaintiff alleges that RESPA provides for the
recovery of actual and statutory damages, (Compl. ¶¶ 33, 38-39),
he has not posited a single allegation regarding how he was damaged
by Defendants' alleged RESPA violations.[10]   Accordingly,
Plaintiff's RESPA Section 2605 claims are DISMISSED.

## IV. Leave to Replead

The Second Circuit has held that "[w]hen a motion to
dismiss is granted, the usual practice is to grant leave to amend
the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d
Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("[t]he court should
freely give leave [to amend] when justice so requires.").
"However, a district court has the discretion to deny leave to
amend where there is no indication from a liberal reading of the
complaint that a valid claim might be stated." Perri v. Bloomberg,
No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).

The Court declines to grant Plaintiff leave to replead
his TILA claims and RESPA Section 2607 claim.  As set forth more
fully above, these claims are barred by res judicata against USBNA
and also barred by the statute of limitations.  Accordingly,

---

[10] The Court need not determine whether a RESPA 2605 claim may be
based on statutory damages alone, as Plaintiff has failed to
allege the requisite "pattern or practice" of noncompliance.

Plaintiff's TILA claims and RESPA Section 2607 claim are DISMISSED WITH PREJUDICE.

Though thin, the Court grants Plaintiff one opportunity to cure the deficiencies of his RESPA Section 2605 claims. Accordingly, these claims are DISMISSED WITHOUT PREJUDICE and with leave to replead.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 18) is GRANTED. Plaintiff's claim for a declaratory judgment is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's TILA claim and RESPA Section 2607 claim are DISMISSED WITH PREJUDICE. Plaintiff's RESPA Section 2605 claims are DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to replead his RESPA Section 2605 claims only, he must do so within thirty (30) days of the date of this Memorandum and Order. If he fails to do so, these claims will be dismissed with prejudice. The Clerk of the Court is directed mail a copy of this Order to <u>pro se</u> Plaintiff.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     July   25  , 2017
           Central Islip, New York


24